UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
           Plaintiff,          )      Case No. 1:11-cr-00286
                               )
v.                             )      Honorable Paul L. Maloney
                               )
RICHARD JAY MORRIS ,           )
                               )
           Defendant.          )
_____)

**REPORT AND RECOMMENDATION**

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on January 12, 2012, after receiving the written consent of defendant and all counsel.  At the hearing, defendant Richard Jay Morris  entered a plea of guilty to the Superseding Felony Information  in exchange for the undertakings made by the government in the written plea agreement.  In the Superseding Felony Information , defendant is charged with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine and a quantity of methamphetamine, both Schedule II controlled substances, and 100 kilograms or more of marijuana and a quantity of 3,4-methylenedioxy methamphetamine (MDMA), commonly referred to as "Ecstacy," both Schedule I controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1),  (b)(1)(B)(ii),  (vii) and (C).  On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the

rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to the Superseding Felony Information  be accepted, that the court adjudicate defendant guilty, and that the written plea agreement be considered for acceptance at the time of sentencing.  Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.


Date:  January 17, 2012                                     /s/ Ellen S. Carmody
                                                            ELLEN S. CARMODY
                                                            United States Magistrate Judge


**NOTICE TO PARTIES**

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than14 days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d).